UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. TAPPEN, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0026 KJN P<br><br><br>ORDER |

I. Introduction

　　　　Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed, but plaintiff is granted leave to file an amended complaint.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff alleges that on July 3, 2018, following a verbal altercation at the SHU wall, plaintiff ran after another inmate, stumbled over him, and began to struggle with him. Within seconds, defendant Tappen, working in the observation tower, shot plaintiff three times with the Mini-14. The first shot blew plaintiff's left shoulder apart. The second shot blew off his entire face. While he was face down in the dirt, the third shot grazed the top of his skull. The video of the incident will show that at no time did plaintiff stab, kick, or punch the other inmate. Plaintiff was issued a 115 RVR which he contends is "a complete prevarication of events" in an attempt to justify Tappen's actions.

Plaintiff seeks, *inter alia*, money damages, and an order stopping CDCR employees from delaying and opening plaintiff's legal mail.

Plaintiff names as defendants Travis Tappen, Warden Lynch, and CDCR Secretary Z. Sanchez.

IV. Discussion

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

3

1  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no
2  affirmative link between the incidents of police misconduct and the adoption of any plan or policy
3  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another
4  to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an
5  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
6  legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,
7  588 F.2d 740, 743 (9th Cir. 1978).

8  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
9  their employees under a theory of respondeat superior and, therefore, when a named defendant
10 holds a supervisorial position, the causal link between him and the claimed constitutional
11 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
12 (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d
13 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.
14 denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of
15 official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673
16 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
17 participation is insufficient).

18 Plaintiff fails to include any charging allegations as to defendants Lynch or Sanchez.
19 Because such defendants work in supervisory positions, it is not clear that plaintiff can state
20 cognizable claims against them based on the alleged incident.

21 Plaintiff does not identify the alleged violation of his constitutional rights or federal law.
22 To the extent plaintiff attempts to raise a claim for excessive force, plaintiff must show that the
23 officer applied the force maliciously and sadistically to cause harm rather than in a good-faith
24 effort to maintain or restore discipline.  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Here, the
25 allegations do not show a malicious or sadistic use of force.  It is plausible, based upon plaintiff's
26 allegations, that Tappen, who shot plaintiff three times within seconds, was acting to restore order
27 in response to the spontaneous struggle between plaintiff and the other inmate.  Indeed, "[t]he
28 infliction of pain in the course of a prison security measure . . . does not amount to cruel and

unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Whitley v. Albers, 475 U.S. 312, 319 (1986).  In an amended complaint, should plaintiff choose to file one, plaintiff must plead specific facts showing that Tappen acted to intentionally harm plaintiff rather than to restore order.

Plaintiff's allegation that the subsequently-issued RVR was false fails to state a cognizable civil rights claim.  "The issuance of a false RVR, alone, does not state a claim under section 1983." See Murschel v. Paramo, 2018 WL 539159, at *4 (S.D. Cal. Jan. 22, 2018) (citation omitted); see also, e.g., Solomon v. Meyer, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no due process right to be free from false disciplinary charges."); Chavira v. Rankin, 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Harper v. Costa, No. 2:07-cv-2149 LKK DAD, 2009 WL 1684599 (E.D. Cal. Jun. 16, 2009) (citing eleven prior orders issued by California district courts reaching the same conclusion).  In addition, "[a]s long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983." Harper, at *2.

Finally, the court observes that plaintiff used an older court form complaint; the first three pages are the entirety of his claims, but he appends two more complaints which are virtually identical to the first three pages.  At first, the extra complaints appear to be photocopies, but the pages appear handwritten due to minor handwriting distinctions, and bear typewritten page numbers four through eleven.  When filing his amended complaint, plaintiff should provide only the original, no copies are required.

In the defendant section of the complaint, plaintiff claims that there are other correctional officers and medical staff, but he does not know their names.  Plaintiff then adds that several staff have retaliated or interfered with his healing.

Rule 15 of the Federal Rules of Civil Procedure governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial

complaint. Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

Moreover, plaintiff is cautioned that he may only add defendants against whom plaintiff raises related claims. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). In other words, joining more than one claim in a single complaint is proper when the claims are against the same defendant, but joining multiple defendants in one complaint is proper only if the claims against them are based on the same facts. This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

For all of the above reasons, plaintiff's complaint must be dismissed. The court, however, grants leave to file an amended complaint.

V. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g.,

1    West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
2    each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no
3    liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
4    defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633
5    F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official
6    participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,
7    268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1]  See Fed. R. Civ. P. 20(a)(2).  Plaintiff is cautioned that his continued violation of court orders may result in the involuntary dismissal of this action.  Fed. R. Civ. P. 41(b).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall file any amended complaint on the court's current form complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

---

[1] As discussed above, plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits.  See George, 507 F.3d at 607.


1 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
2 Director of the California Department of Corrections and Rehabilitation filed concurrently
3 herewith.
4      3.  Plaintiff's complaint is dismissed.
5      4.  Within thirty days from the date of this order, plaintiff shall complete the attached
6 Notice of Amendment and submit the following documents to the court:
7          a.  The completed Notice of Amendment; and
8          b.  An original of the Amended Complaint, using the court's form complaint.
9 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
10 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
11 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
12      Failure to file an amended complaint in accordance with this order may result in the
13 dismissal of this action.
14      5.  The Clerk of the Court shall send plaintiff the court's form for filing a civil rights
15 complaint by a prisoner.
16 Dated:  January 21, 2021
17
18 /wilb026.14                    KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS,<br><br>        Plaintiff,<br><br>   v.<br><br>T. TAPPEN, et al.,<br><br>        Defendants. | No. 2:21-cv-0026 KJN P<br><br>NOTICE OF AMENDMENT |

     Plaintiff hereby submits the following document in compliance with the court's order filed_____.

     _____                 Amended Complaint

DATED:

                                                           _____
                                                           Plaintiff