UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS,<br><br>    Plaintiff,<br><br>    v.<br><br>T. TAPPEN, et al.,<br><br>    Defendants. | No. 2:21-cv-0026 KJN P<br><br>ORDER |

I. Introduction

     Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint is before the court.

     As discussed below, plaintiff's amended complaint is dismissed, but plaintiff is granted leave to file a second amended complaint.

II. Screening Standards

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
8    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
10   1227.

11       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   The Civil Rights Act

26   The Civil Rights Act under which this action was filed provides as follows:

27       Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the deprivation
28       of any rights, privileges, or immunities secured by the Constitution .

2

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

III.  Plaintiff's Amended Complaint

In his first claim, plaintiff alleges that an unidentified defendant shot plaintiff "with malicious intent to kill" after plaintiff accidentally tripped over another inmate while running. (ECF No. 13 at 6.)  Within a few seconds, plaintiff was shot three times, shooting him in the face and shooting off his left shoulder.

////

3

In his second claim, plaintiff alleges that he was transferred repeatedly, interfering with his medical treatments and appeals, and his mail was "unjustly opened and delayed." (ECF No. 13 at 7.) Plaintiff alleges such actions resulted in violation of his rights under the Eighth Amendment, Fifth Amendment Due Process Clause, First Amendment (access to the courts), and constituted cruel and unusual punishment. Plaintiff also checked the box for retaliation. (ECF No. 13 at 7.)

In his third claim, plaintiff claims that his Eighth Amendment right to adequate medical care was violated by "orders and treatments were left unattended or outright ignored. Left in cell to endure excruciating pain." (ECF No. 13 at 8.)

Plaintiff seeks, *inter alia*, money damages, and an order stopping CDCR employees from delaying and opening plaintiff's legal mail.

Plaintiff names 32 individuals as defendants including Warden Lynch, California State Prison, Sacramento ("CSP-SAC"); CDCR Secretary Z. Sanchez; appeals examiners and other individuals at CSP-SAC, California Health Care Facility, Stockton; Folsom State Prison, Represa; Deuel Vocational Institution, Tracy; and Pelican Bay State Prison in Crescent City.

IV. Discussion

Plaintiff fails to include any charging allegations as to each named defendant. Plaintiff includes less charging information as to the initial shooting incident than he included in his original complaint. Plaintiff does not even identify which defendant shot plaintiff. Plaintiff is advised that he must include specific factual allegations as to each individual named as a defendant.

Plaintiff also attempts to file a "shotgun" or "kitchen sink" pleading against myriad individuals at five different state prisons. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro

Housing & Redevelopment Authority, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011), citing Fed. R. Civ. P. 8, 11.

Moreover, plaintiff attempts to join myriad unrelated claims against multiple defendants in one action. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action only where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). In other words, joining more than one claim in a single complaint is proper when the claims are against the same defendant, but joining multiple defendants in one complaint is proper only if the claims against them are based on the same facts. This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

Plaintiff's claims do not arise from the same transaction, occurrence, or series of transactions and occurrences in which all defendants were involved. Plaintiff's improper joinder of his unrelated claims cannot be remedied by dismissal of the unrelated claims because he failed to provide specific facts as to each defendant, and it is unclear which claims he wants to pursue in this action, and which claims he will choose to pursue in separate lawsuits. See Fed. R. Civ. P. 21. Thus, plaintiff's amended complaint must be dismissed. Plaintiff is granted leave to file a second amended complaint in which he raises only those claims arising from the same incident involving the same defendants.

For all of the above reasons, plaintiff's complaint must be dismissed. The court, however, grants leave to file a second amended complaint.

////

1  V. <u>Standards Governing Putative Claims</u>

2      A. <u>Excessive Force</u>

3  To state a cognizable claim for excessive force, plaintiff must identify the individual officer involved, and plead facts demonstrating that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992).  It appears that plaintiff may be able to state a claim against the correctional officer who shot plaintiff, but plaintiff must identify the shooter and include all of the facts pled in his original complaint, as well as his amended complaint, in his second amended complaint.

    B. <u>Eighth Amendment Medical Claims</u>

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications that a prisoner has a serious medical need for treatment include the "'existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting <u>McGuckin</u>, 974 F.2d at 1059-60).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably

6

high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Estelle, 429 U.S. at 104-05). A difference of opinion between an inmate and prison medical personnel -- or between medical professionals -- regarding the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

C. Defendants Named Solely for Review of Administrative Appeals

Plaintiff cannot state a due process claim based on a defendant's role in the inmate appeal process. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process itself. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative

claims."). "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances." Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018).

### D. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### E. Access to the Courts

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

### F. Mail

Prisoners have a First Amendment right to send and receive mail while incarcerated. Nordstrom v. Ryan, 856 F.3d 1265, 1271 (9th Cir. 2017). A prison may adopt regulations which

impinge on an inmate's constitutional rights, however, "if those regulations are 'reasonably related to legitimate penological interests.'" Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). "Legitimate penological interests include security, order, and rehabilitation." Witherow, 52 F.3d at 265 (internal quotation marks omitted). Restrictions on outgoing personal correspondence "must have a closer fit between the regulation and the purpose it serves than incoming mail restrictions." Nordstrom, 856 F.3d at 1273.

The First Amendment also protects a prisoner's right to be present when his properly marked legal mail is opened. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). Prison officials may require legal mail to be "specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment." Wolff v. McDonnell, 418 U.S. 539, 576 (1974). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).

VI. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1] See

---

[1] Plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George, 507 F.3d at 607.

1    Fed. R. Civ. P. 20(a)(2). Plaintiff is cautioned that his continued violation of court orders may

2    result in the involuntary dismissal of this action. Fed. R. Civ. P. 41(b).

3    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4    make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

5    complaint be complete in itself without reference to any prior pleading. This requirement exists

6    because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez

7    v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

8    supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

9    omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any

10   function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

11   and the involvement of each defendant must be sufficiently alleged.

12   Plaintiff shall file any amended complaint on the court's current form complaint.

13   In accordance with the above, IT IS HEREBY ORDERED that:

14   1. Plaintiff's amended complaint is dismissed.

15   2. Within thirty days from the date of this order, plaintiff shall complete the attached

16   Notice of Amendment and submit the following documents to the court:

17   a. The completed Notice of Amendment; and

18   b. An original of the Second Amended Complaint, using the court's form

19   complaint.

20   Plaintiff's second amended complaint shall comply with the requirements of the Civil

21   Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second

22   amended complaint must also bear the docket number assigned to this case and must be labeled

23   "Second Amended Complaint."

24   Failure to file a second amended complaint in accordance with this order may result in the

25   dismissal of this action.

26   ////

27   ////

28   ////

3. The Clerk of the Court shall send plaintiff the court's form for filing a civil rights complaint by a prisoner.

Dated: April 8, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilb026.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS, | No. 2:21-cv-0026 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| T. TAPPEN, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____      Second Amended Complaint

DATED:

    _____
    Plaintiff