UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS, | No. 2:21-cv-0026 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. TAPPEN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 29, 2021, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days.  Plaintiff filed objections to the findings and recommendations.  Defendant Tappen did not file a reply.

/////

/////

/////

/////

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.[1] Having carefully reviewed the entire file, the court finds the findings and recommendations themselves to be supported by the record and by proper analysis, with the following clarification based on the objections.

In his objections, plaintiff elaborates on allegations underlying his claim against Dr. Yee. In the second amended complaint, plaintiff alleges, without more, that Dr. Yee performed surgery on plaintiff's nose without anesthesia and while plaintiff "was wide awake." ECF No. 16 at 4. In his objections, plaintiff alleges that Dr. Yee performed a second surgery on plaintiff on May 1, 2019, ten months after the alleged shooting by defendant Tappen, to "repair the serious damages [sic] that was done to his nose" when he was shot and "that Dr. Yee failed to properly correct." He also includes more detailed allegations concerning Dr. Yee's alleged failure to use anesthesia or address plaintiff's pain during the surgery. These allegations may be sufficient to state a cognizable claim against defendant Yee. However, they were not included in the second amended complaint that is the subject of the pending findings and recommendations nor in either of plaintiff's prior two complaints. Good cause appearing, this aspect of plaintiff's objections will be referred back to the assigned magistrate judge for review of the new allegations contained in the objections and a determination whether plaintiff should be allowed to file a third amended complaint to include those allegations against defendant Yee.

Accordingly, IT IS HEREBY ORDERED that:

1. Except as modified by this order, the findings and recommendations filed June 29, 2021, are adopted in full;

2. Defendants Lynch and Sanchez are dismissed without prejudice;

3. This action proceeds on plaintiff's Eighth Amendment claim against defendant Tappen;

/////

---

[1] On August 17, 2021, the magistrate judge stayed this case for a period of one hundred twenty days and referred the matter to the Post-Screening ADR (Alternative Dispute Resolution) project. The magistrate judge's stay does not apply to this court's disposition of the findings and recommendations and plaintiff's objections thereto.

4. The remaining Eighth Amendment medical claims except for a potential claim against defendant Dr. Yee, the First Amendment retaliation claims, and the remaining defendants except defendant Dr. Yee are dismissed without prejudice; and

5. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: December 7, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE