UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS, | No. 2:21-cv-0026 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. TAPPEN, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights action pursuant to 42 U.S.C.§ 1983.  On September 26, 2022, defendant filed a motion to compel discovery responses, asserting that plaintiff failed to file responses to defendant's interrogatories or request for production of documents.  On October 17, 2022, plaintiff requested appointment of counsel, which was prepared by another inmate on plaintiff's behalf.  (ECF No. 41 at 5.)

The court has determined that this case may be appropriate for appointment of counsel for a limited purpose.

Plaintiff's Allegations

Plaintiff contends that on July 3, 2018, defendant T. Tappen used excessive force on plaintiff at California State Prison, Sacramento.  Specifically, defendant Tappen shot plaintiff three times in rapid succession with "223 live rounds" or "mini 14 rounds" with direct hits to plaintiff's left shoulder, through plaintiff's face, and to the top of his head.  (ECF No. 16 at 2, 3.)

1

Plaintiff sustained loss of vision, metal shrapnel in his rotator cuff, inability to breathe through his nose, fractured teeth, reconstructed face, and severe PTSD.

Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990).

Discussion

Here, plaintiff states that because he sustained a gunshot wound to the face, which required facial reconstruction surgery, it is difficult for him to read and retain information, which makes it "impossible for him to articulate his thoughts and ideas about the case." (ECF No. 41 at 3.) Plaintiff provided copies of his failed efforts to obtain counsel on his own. Plaintiff contends that defendant has propounded discovery requests that are impossible for plaintiff to answer due to his incarceration. For example, he states that he is unable to view footage of the incident or question staff or other inmates who may have information about the case. He asserts that because this case involves gunfire, expert testimony will be required, for example, to address the locations of bullet wound entry and exit.

Good cause appearing, this court will refer this case to the ADR and Pro Bono Program to seek the voluntary assistance of counsel for the limited purpose of assisting plaintiff with discovery. In light of this order, defendant's motion to compel discovery (ECF No. 40) is denied without prejudice, and all discovery is stayed pending appointment of counsel. Once counsel is appointed, a revised scheduling order will issue and plaintiff will be granted an extension of time to respond to the propounded discovery at issue in defendant's motion to compel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 41) is granted, subject to an attorney accepting the request for voluntary assistance for the limited purpose of assisting plaintiff with discovery.

2

      2. This case is referred to the ADR and Pro Bono Program to seek the voluntary assistance of counsel.

      3. Defendant's motion to compel discovery (ECF No. 40) is denied without prejudice.

      4. Discovery is stayed pending further order of this court.

      5. The Clerk of the Court shall serve a copy of this order on Sujean Park, Director, ADR and Pro Bono Program.

Dated:  November 1, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilb0026.31a