UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS, | No. 2:21-cv-0026 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND REVISED SCHEDULING ORDER |
| T. TAPPEN, | |
| Defendant. | |

Plaintiff is a state prisoner, who proceeds through limited purpose appointed counsel, with a civil rights action under 42 U.S.C. § 1983. Plaintiff's motion to extend the discovery deadline is before the court. Defendant opposes the motion, but asks that if the motion is granted, plaintiff's discovery be limited, and the pretrial motions deadline be extended. In reply, plaintiff does not oppose the extension of the pretrial motions deadline but asks that the court not limit plaintiff's discovery. As discussed below, plaintiff's motion is partially granted.

Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

1

Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Background

Plaintiff filed this action on January 6, 2021. On June 3, 2022, a discovery and scheduling order issued, setting the discovery deadline for September 26, 2022. (ECF No. 39.) On September 26, 2022, defendant filed a motion to compel discovery responses. (ECF No. 40.)

On November 1, 2022, defendant's motion to compel was denied, and the court found the appointment of counsel for plaintiff was warranted for the limited purpose of completing discovery. (ECF No. 42.) On December 1, 2022, plaintiff was appointed counsel for the sole purpose of completing discovery. (ECF No. 43.)

On December 22, 2022, a revised discovery and scheduling order issued, extending the discovery deadline to April 7, 2023. (ECF No. 44.)

On February 9, 2023, the parties stipulated to extend plaintiff's time to respond to pending discovery, which was granted on February 14, 2023. (ECF Nos. 45, 46.)

On March 26, 2023, plaintiff's counsel Todd E. Jones moved to withdraw as plaintiff's limited purpose attorney due to a recent change in employment. (ECF No. 47.) On April 10, 2023, prior counsel was relieved and current counsel was appointed to represent plaintiff for the limited purpose of completing discovery. (ECF No. 50.)

Plaintiff's current counsel did not receive plaintiff's file from former counsel until May 26, 2023. (ECF No. 55 at 2.)

On June 7, 2023, the parties stipulated to extend plaintiff's deadline to respond to defendant's discovery, which was granted on June 13, 2023. (ECF Nos. 51, 52.)

Plaintiff's current counsel was not able to meet with plaintiff until June 21, 2023, at which time plaintiff obtained plaintiff's personal file of related documents. (ECF No. 55 at 2.) A confidential telephone conference with plaintiff was able to be held on June 26, 2022. (Id.)

On July 3, 2022, plaintiff's counsel propounded 12 interrogatories and 22 requests for production of documents to defendant. (ECF No. 55 at 2-3.)

////

On July 25, 2023, plaintiff filed a motion to modify the discovery and scheduling order to extend plaintiff's deadline to propound discovery to October 4, 2023. (ECF No. 53.) On July 26, 2023, defendant filed an opposition to the motion, and on July 27, 2023, plaintiff filed a reply. (ECF Nos. 54, 55.)

Discussion

Unfortunately, despite representing plaintiff for almost three months for the sole purpose of completing discovery, it appears that plaintiff's prior counsel did not respond to defendant's discovery requests or propound any discovery to defendant. Such failure unduly delayed this case, as did the delay in routing plaintiff's case file to new counsel. Plaintiff's current counsel is not responsible for such delay, and plaintiff should not be penalized for such delay.

The undersigned acknowledges that plaintiff's current counsel did not support with specific facts or evidence his claim that he spent "tremendous effort" attempting to meet with plaintiff or having a confidential phone call with plaintiff, simply declaring that he spent "many weeks" in such attempts. Given his first meeting with plaintiff took place on June 21, 2023, the period of "many weeks" does not address any efforts to meet with plaintiff from April 10, 2023, through May of 2023. Absent such facts or evidence, it appears that counsel opted to wait to meet with plaintiff until after receiving and reviewing prior counsel's file.

That said, while defendant maintains that plaintiff's current counsel could have propounded discovery based solely on the complaint and defendant's written discovery requests, the undersigned appreciates counsel's decision to review former counsel's file and meet with plaintiff to obtain whatever documents plaintiff had in his possession to avoid duplicate or piecemeal requests. Indeed, plaintiff's counsel only learned that plaintiff had been deposed upon speaking with plaintiff for the first time. The undersigned finds such efforts to be sufficient to show good cause for the extension of the discovery deadline and declines to limit plaintiff's discovery as requested by defendant. Discovery is extended for the sole purpose of requiring defendant to respond to the discovery propounded by plaintiff on July 3, 2022, and to resolve any disputes arising therefrom; no additional discovery may be propounded by either party. In light of this extension, the pretrial motions deadline is also extended, as requested by defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify (ECF No. 53) is partially granted;

2. Within thirty days from the date of this order, defendant shall respond to the discovery propounded by plaintiff on July 3, 2023; no additional discovery shall be propounded by either party;

3. Any motion to compel shall be filed no later than thirty days after the discovery responses are served;

4. The discovery deadline is extended to October 13, 2023, for the sole purpose of resolving plaintiff's discovery requests propounded on July 3, 2023. In all other respects, the December 27, 2022 discovery and scheduling order (ECF No. 44) remains in effect.

5. The pretrial motions deadline is extended to January 12, 2024.

Dated: August 8, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilb0026.16b2