UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WILBANKS, | No. 2:21-cv-0026 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. TAPPEN, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding in forma pauperis. On January 10, 2024, appointed counsel for plaintiff filed a notice of conclusion of limited scope representation. Pursuant to the court's April 10, 2023 order, counsel was appointed for the limited purpose of completing discovery, which terminated upon the expiration of the discovery deadline on October 13, 2023. No discovery issues remain, and defendant has filed a motion for summary judgment. Therefore, plaintiff is returned to pro se status, and is advised that he must file an opposition to the pending motion for summary judgment within twenty-one days as required under Local Rule 230(l). (See also ECF No. 44 at 6.) Defendant provided plaintiff contemporaneous notice of the requirements for filing an opposition under Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 58-2) (citing Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

////

////

1

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate plaintiff's representation by counsel Benjamin J. Codog III and Bryan L. Hawkins effective October 13, 2023 (ECF No. 50, 57).

2. Plaintiff now proceeds pro se, and is currently housed at California State Prison, Sacramento, P.O. Box 290066, Represa, CA 95671-0066.

3. Plaintiff is reminded of his obligation to oppose defendant's January 12, 2024 motion for summary judgment (ECF No. 58) within twenty-one days from the date it was filed.

4. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

5. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

Dated: January 17, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wilb0026.term

2